## CHITTENDEN v. CHITTENDEN.

(Supreme Court, Special Term, Erie County. October, 1909.)

LIMITATION OF ACTIONS (§ 39*)—MARRIAGE—INVALIDITY—ANNULMENT—LIMITATIONS.

Domestic Relations Law (Laws 1896, p. 216, c. 272) § 3, declares that a marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless either such former marriage has been annulled, such former husband or wife has been finally sentenced to imprisonment for life, or has absented himself or herself for five successive years then last past without being known to such person to be living during that time. *Held*, that where, in a suit to annul a marriage on the ground that defendant had a husband living both when the marriage was contracted and when the suit was brought, there was no allegation in the complaint or answer that defendant's former husband absented himself for five years prior to her marriage to plaintiff, or that the marriage was otherwise voidable only and not void, plaintiff's cause of action was not subject to the 10-year limitations imposed by Code Civ. Proc. § 388, with reference to nonenumerated causes, notwithstanding more than 10 years had elapsed since the marriage sought to be annulled had been contracted.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 39.*]

Suit by Edward Chittenden against Ellenor Chittenden for annulment of marriage. On plaintiff's demurrer to defendant's answer setting up the statute of limitations. Demurrer sustained.

Walker & Johnson, for plaintiff.

Morris A. Lovejoy (Frank W. Brown, of counsel), for defendant.

BROWN, J. Plaintiff and defendant were married December 4, 1890. No children were born of the marriage. The plaintiff brings this action to annul the same on the ground that at the time thereof the defendant had a husband then, and who is now, living. The defendant answers, alleging that more than 10 years have elapsed since plaintiff's cause of action accrued, and that the same is barred by the statute of limitations. Section 388, Code Civ. Proc.

The plaintiff's demurrer raises the question whether the statute of limitations has any application to this cause of action. It is provided by statute (section 3, Domestic Relations Law) that a marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living unless either such former marriage has been annulled, such former husband or wife has been finally sentenced to imprisonment for life, or such former husband or wife has absented

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

himself or herself for five successive years then last past, without being known to such person to be living during that time. The facts stated in the pleadings to be considered on this demurrer are simply that the defendant at the time of her marriage to the plaintiff had a husband then, and who is now, living, and that such former marriage was then in force. From such bare facts the statute makes the marriage between the plaintiff and the defendant void ab initio. The court cannot assume some fact to exist that is not pleaded, so as to reach a conclusion that the marriage is a voidable one only. The court cannot assume that defendant's former husband absented himself for five years previous to her marriage with the plaintiff. If it had appeared in the complaint or defendant had alleged in her answer, that at the time of her marriage with the plaintiff her former husband had absented himself for five years, it is possible that her marriage with the plaintiff would be voidable only and the statute of limitation might be a defense. It may well be that a cause of action to annul a marriage upon the ground that the marriage is voidable by reason of fraud, parties not having attained the age of consent, idiocy, lunacy, or incapacity, would be barred by the statute of limitations. Montgomery v. Montgomery, 3 Barb. Ch. 132. Sections 1744, 1746, 1747, 1750, and 1752 of the Code of Civil Procedure do, in fact, provide for the time within which such actions may be maintained. It is quite another thing, however, to say that a contract of marriage that is void ab initio must not be decreed or adjudicated to be void solely because of lapse of more than ten years after such void marriage. The fact is that such marriage contract is in and of itself void because the defendant had a husband then living and a decree could not be obtained making such marriage valid. No possible circumstance stated in the complaint could make such a marriage a legal marriage. No lapse of time would make it valid. The court has no power to make a void marriage contract a legal contract upon the facts appearing in the pleadings. The law has interposed no barrier preventing the court from declaring the void marriage contract between the plaintiff and the defendant to be void. Section 1745 of the Code of Civil Procedure provides that such action may be maintained by either of the parties during the lifetime of the other. The contention of the defendant that the action must be brought during the lifetime of the parties, but within ten years, cannot be upheld.

The demurrer is well taken, and must be sustained. The defendant is permitted to plead over within 20 days. No costs.